UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 20-46882

QUIAUNTE P. MURRAY,  Chapter 7

                Debtor.  Judge Thomas J. Tucker
_____/

### ORDER DENYING CREDITOR GENISYS CREDIT UNION'S MOTION FOR ORDER COMPELLING PROGRESSIVE CASUALTY INSURANCE COMPANY TO COMPLY WITH SUBPOENA

    This case is before the Court on a motion by creditor Genisys Credit Union ("Genisys") entitled "Motion for Order Compelling Progressive Casualty Insurance Company To Comply With Subpoena Issued on August 4, 2020" (Docket # 20, the "Motion"). The Motion seeks an order compelling Progressive Casualty Insurance Company to respond to a documents subpoena served on it by the attorneys for Genisys on August 11, 2020, and for related relief. On September 29, 2020, Genisys filed a Certification of Non-Response, indicating that no one timely objected to the Motion (Docket # 25).

    In order for the subpoena at issue to be valid and enforceable, Genisys was required to obtain an order under Fed. R. Bankr. P. 2004 authorizing it to subpoena Progressive Casualty Insurance Company for the documents. *See Hunter v. Hickman* (*In re Hickman*), 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993) (explaining that "[a]lthough a subpoena issued by the clerk under seal is sufficient to compel the attendance of witnesses under Rule 2004, it must be preceded by an order of court allowing the Rule 2004 Examination to commence"); *In re Patel*, No. 16–65074–LRC, 2017 WL 377943, at *2 (Bankr. N.D. Ga. Jan. 26, 2017) ("[U]nder a plain reading of Federal Rule 45 and Rules 9002(1), 9016, and 2004, to obtain a subpoena for production of documents, a party in interest must either be a party to an adversary proceeding, contested petition, or contested matter, or, when there is no litigation pending, have obtained a Rule 2004 order."); *In re Rochester Drug Coop., Inc.*, No. BR 20-20230-PRW, 2020 WL 5525798, at *2 (Bankr. W.D.N.Y. Sept. 11, 2020) (citing *Patel*, 2017 WL 377943, at *2) (holding that "because no adversary proceeding or litigated contested matter was pending, and no order authorizing an examination . . . was granted by this Court under Rule 2004," subpoenas issued for the production of documents "were improper and invalid").[1]

    Because Genisys failed to obtain an order of the Court authorizing it to subpoena Progressive Casualty Insurance Company for documents, the subpoena is invalid and will not be

---

    [1] No contested matter was pending in this case when the subpoena was issued, but even if a contested matter had been pending, under L.B.R. 7026-3 (E.D. Mich.), "[d]iscovery in a contested matter is permitted only upon a court order for cause shown."

enforced, and the Motion will be denied.

Accordingly,

IT IS ORDERED that the Motion (Docket # 20), is denied.

**Signed on October 2, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**